GAYLORD DYE, EMPLOYEE-PLAINTIFF v. SHIPPERS FREIGHT LINES, EMPLOYER-DEFENDANT AND OLD REPUBLIC INSURANCE CO., SERVICING-AGENT, CARRIER-DEFENDANT

No. 9410IC431

(Filed 21 March 1995)

**Workers' Compensation § 114 (NCI4th)— heart attack on the job—accident arising out of and in course of employment— insufficiency of evidence**

The evidence was sufficient to support the Industrial Commission's finding that plaintiff who suffered a heart attack while driving a truck for defendant did not sustain an injury by accident or occupational disease where the deputy commissioner did not consider plaintiff's demeanor at the hearing to be credible; the deputy commissioner found that the alleged working con-

**DYE v. SHIPPERS FREIGHT LINES**

[118 N.C. App. 280 (1995)]

ditions would absolutely preclude anyone from working under them; and defendant employer had accommodated plaintiff's complaints about his working conditions on at least two occasions. Furthermore, the evidence was insufficient to establish that plaintiff was unaccustomed to his work hours and thus his work hours constituted a new condition of employment which never became routine, and that his heart attack was caused by the excessive work hours.

**Am Jur 2d, Workers' Compensation §§ 267 et seq.**

Appeal by plaintiff from Opinion and Award entered 29 December 1993 by the North Carolina Industrial Commission. Heard in the Court of Appeals 2 February 1995.

*Frederick R. Stann for plaintiff-appellant.*

*Brooks, Stevens & Pope, P.A., by Daniel Carter Pope, Jr. and F. Stephen Glass, for defendants-appellees.*

WALKER, Judge.

Plaintiff was employed as a truck driver for defendant. On 30 April 1985, while driving his route, plaintiff suffered a heart attack. Plaintiff filed a workers' compensation claim, alleging that the disabling condition caused by the heart attack was the result of an accident or occupational disease caused by "stress, equipment, and long hours."

Plaintiff's claim was heard before a deputy commissioner on 25 October 1988. At the hearing, plaintiff contended that his heart attack was brought on by long work hours, a rough ride caused by his nearly empty truck, equipment failure which caused the inside temperature of his truck on 30 April 1985 to be some 40 degrees hotter than the outside temperature of 70 degrees, and prior stress related to his job conditions.

The deputy commissioner found that plaintiff's testimony, if believed, "would tend to establish either an interruption of plaintiff's normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences contributing to his [heart attack] . . . or the contribution of other prior stress from his employment to the same condition." However, the deputy commissioner did not accept plaintiff's testimony as credible and concluded, based on its findings of fact, that plaintiff's disabling condition was

the result of a pre-existing significant coronary artery disease he suffered independent of his employment rather than the result of an injury by accident arising out of and in the course of his employment or the result of an occupational disease.

Plaintiff appealed to the Full Commission, which affirmed the deputy commissioner's denial of plaintiff's claims by Opinion and Award entered 29 December 1993. The Industrial Commission adopted the deputy commissioner's findings and conclusions with some revisions.

Review on appeal from an Opinion and Award of the Industrial Commission is limited to a determination of whether the Commission's findings are supported by the evidence and whether the findings support the Commission's conclusions. *Cody v. Snider Lumber Co.*, 328 N.C. 67, 70, 399 S.E.2d 104, 105-106 (1991).

To be compensable under the Workers' Compensation Act, an injury must result from an "accident arising out of and in the course of employment." N.C. Gen. Stat. 97-2 (6) (1994). " 'In deciding whether there was an accident, the only question on appeal is whether there was "an unlooked for and untoward event [which is not expected or designed by the injured employee]" or "the interruption of the routine work and the introduction thereby of unusual conditions.' " *Sanderson v. Northeast Construction Co.*, 77 N.C. App. 117, 121, 334 S.E.2d 392, 394 (1985) (citation omitted). Thus, a heart attack does not arise by accident out of and in the course of employment if it occurs when one is carrying on his usual work in the usual way. *Jackson v. Highway Comm'n*, 272 N.C. 697, 701, 158 S.E.2d 865 (1968). *See also Lewter v. Enterprises, Inc.*, 240 N.C. 399, 82 S.E.2d 410 (1954) (heart attack ordinarily does not result from an injury by accident arising out of or in the course of employment unless it results from an unusual or extraordinary exertion incident to the employment).

" 'New conditions of employment to which an employee is introduced and expected to perform regularly do not become a part of an employee's work routine until . . . the employee has gained proficiency performing in the new employment and becomes accustomed to the conditions it entails.' " *Church v. Baxter Travenol Laboratories*, 104 N.C. App. 411, 414, 409 S.E.2d 715, 716 (1991) (citation omitted). However, "once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an inter-

ruption of the work routine or otherwise an 'injury by accident.' " *Bowles v. CTS of Asheville, Inc.*, 77 N.C. App. 547, 550, 335 S.E.2d 502, 504 (1985).

An accidental injury "arises out of" the employment where a contributing proximate cause of the injury was a risk inherent or incidental to the employment and one to which the employee would not have been equally exposed apart from the employment. *Fortner v. J.K. Holding Co.*, 83 N.C. App. 101, 103-104, 349 S.E.2d 296, 298 (1986), *affirmed*, 319 N.C. 640, 357 S.E.2d 167 (1987).

The Commission found as fact that plaintiff, who had been a truck driver for 26 years, was accustomed to driving both empty and full vehicles over all types of roads and road conditions and to driving long hours in violation of the appropriate DOT regulations. The Commission further found that: (1) plaintiff did not experience an interruption of his normal work on 30 April 1985 by driving his nearly empty vehicle on his assigned route, (2) plaintiff's heart attack was "neither due to an interruption of his normal work routine . . . nor to any abnormal stress at work, but was instead due to the pre-existing significant coronary artery disease he suffered, which was the result of his smoking habit, his diet, and other factors," and (3) "the normal stress that plaintiff had in his work as a truck driver did not place him at any more risk of stress-related coronary artery disease and resulting myocardial infarction therefrom than members of the general public and there is no credible evidence that plaintiff experienced any unusual or abnormal stresses in his work that contributed to his disabling myocardial infarction."

The Commission further found and concluded that although plaintiff's testimony, if believed, would tend to establish either that his disabling heart condition was a result of a compensable injury by accident or occupational disease, it was not credible because: (1) the deputy commissioner did not consider plaintiff's demeanor at the hearing to be credible, (2) the deputy commissioner found that the alleged working conditions would absolutely preclude anyone from working under them, (3) defendant-employer had accommodated plaintiff's complaints about his working conditions on at least two occasions, and (4) when previously asked by the insurance adjuster handling his claim, plaintiff denied that he had over exerted himself and denied any exceptional problems with his equipment.

The above findings support the Commission's conclusion that plaintiff did not sustain an injury by accident. The Commission's find-

ings of fact are conclusive and binding on appeal if supported by competent evidence in the record even though the record contains evidence which would support a contrary finding. *Blalock v. Roberts Co.*, 12 N.C. App. 499, 504, 183 S.E.2d 827, 830 (1971). The Commission "is the sole judge of the credibility of the witness and the weight to be given its testimony; it may accept or reject all of the testimony of a witness; it may accept a part . . . and reject a part . . . ." *Robbins v. Nicholson*, 10 N.C. App. 421, 426, 179 S.E.2d 183, 186 (1971), *reversed on other grounds*, 281 N.C. 234, 188 S.E.2d 350 (1972). Plaintiff must introduce competent evidence to support the inference that an accident caused the injury in question. *Cody v. Snider Lumber Co.*, 328 N.C. 67, 70, 399 S.E.2d 104, 106 (1991).

Plaintiff argues that he introduced evidence sufficient to show that his heart attack was caused by an accident. In particular, plaintiff argues that the evidence showed that he never became accustomed to his long work hours and thus his work hours constituted a new condition of employment which never became routine, and that his heart attack was caused by the excessive work hours.

The evidence shows that since plaintiff was employed by defendant-employer in November 1984, he repeatedly complained about his long hours. In response to those complaints, defendant-employer assigned a second driver to plaintiff's initial 20 to 35-hour route and later assigned him a new route which he could complete in 12 to 13 hours. Plaintiff introduced a table of his work hours for the six months preceding his injury. The table showed that plaintiff worked an average of 53.8 hours a week over a period of approximately six months. Although it showed that plaintiff worked as many as 92 hours one week, between 80 to 90 hours for four weeks, and between 70 to 80 hours for five weeks, plaintiff worked only 54 hours the week preceding his heart attack and worked 33 hours during the week he suffered a heart attack.

Dr. W. Kenneth Austin, an expert in cardiology, and Dr. B. V. Chendraj, an Internal Medical Specialist testified for plaintiff. Dr. Austin testified that plaintiff had a pre-existing coronary disease which was probably aggravated, accelerated, or made worse by stress, heat and the conditions under which plaintiff worked. Dr. Chendraj testified that the stress associated with plaintiff's work was a contributing factor in plaintiff's coronary artery disease.

We find the evidence insufficient to establish that plaintiff was unaccustomed to his work hours and thus to show that plaintiff's heart attack was caused by an accident arising out of and in the course of employment. The evidence shows that plaintiff worked the long hours which he complained of for over a period of six months, that plaintiff's hours were twice reduced in response to his complaints, and that plaintiff was driving a shorter route at the time of his heart attack and during the preceding week. This was sufficient to support the Commission's finding that plaintiff was accustomed to his work hours and work conditions. *See Trudell v. Heating & Air Conditioning Co.*, 55 N.C. App. 89, 91, 284 S.E.2d 538, 540 (1981) (no injury by accident where plaintiff had worked in low crawl space for at least one week and possibly two weeks before experiencing lower back pain; by that time, working in low crawl space had become part of plaintiff's normal work routine). Moreover, we also find the medical evidence insufficient to establish plaintiff's employment as a contributing proximate cause of his heart attack. *See Lewter v. Enterprises, Inc.*, 240 N.C. 399, 405-406, 82 S.E.2d 410, 415-416 (1954) (medical evidence to the effect that plaintiff suffered high blood pressure for many years and that fire and plaintiff's excitement could have aggravated her high blood pressure condition to such an extent as to cause the cerebral hemorrage from which she died clearly showed that death resulting from cerebral hemorrage was not fairly traceable to employment).

The decision of the Industrial Commission is hereby

Affirmed.

Judges EAGLES and McGEE concur.