IN RE DECLARATORY RULING ·PETITION FOR JUDICIAL REVIEW, COUNTY OF DURHAM, Appellant v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES, Appellee, and CURRIN BROS., INC., a North Carolina Corporation, Intervenor-Appellee

No. COA98-157

(Filed 17 November 1998)

**1. Environmental Law— landfills—land clearing not sanitary**

The trial court did not err by upholding a declaratory ruling by the North Carolina Department of Environment and Natural Resources (NCDENR) that Land Clearing and Inert Debris (LCID) landfills are not sanitary landfills under N.C.G.S. § 130A-294(a)(4)a. NCDENR is cloaked with rulemaking authority with regard to issues of solid waste management and determines how sanitary landfills are to be defined and managed. It is undeniable that NCDENR intended for sanitary landfills and LCID landfills to be treated differently, each with its own definition, regulations, and application procedures.

**2. Environmental Law— landfills—notice requirements—sanitary and land clearing distinguished**

The notice requirements of N.C.G.S. § 130A-294(b1)(2) refer exclusively to sanitary landfills and do not apply to LCID (Land Clearing and Inert Debris) landfills.

Appeal by petitioner, County of Durham, from judgment entered 28 October 1997 by Judge A. Leon Stanback, Jr. in Durham County Superior Court. Heard in the Court of Appeals 6 October 1998.

*Assistant Durham County Attorney Lesley F. Moxley for petitioner-appellant County of Durham.*

*Attorney General Michael F. Easley, by Assistant Attorney General Nancy E. Scott, for the respondent-appellee North Carolina Department of Environment and Natural Resources.*

*Poyner & Spruill, L.L.P., by Timothy P. Sullivan, for intervenor-appellee Currin Bros., Inc.*

SMITH, Judge.

Located within the County of Durham (County) are three Land Clearing and Inert Debris (LCID) landfills, two of which are owned

and operated by Intervenor-Appellee, Currin Brothers. As LCID land-fills, each is permitted to receive solid waste generated from land clearing activities, yard trash, untreated or unpainted wood, and solid waste that is virtually inert and likely to retain its physical and chemical structure. *See* N.C. Gen. Stat. § 130A-290(a)(14)-(15) (1997). The North Carolina Department of Environment and Natural Resources (NCDENR) approved the applications for each of the LCID land-fills and issued permits for their operation "in accordance with Article 9, Chapter 130A, of the General Statutes of North Carolina and all rules promulgated thereunder." NCDENR notified County's planning department of the proposed landfills and County provided NCDENR with zoning approval letters. *See* N.C. Admin. Code tit. 15A, r. 13B.0565 (January 1993) (stating that before the *situs* of an LCID landfill can be approved, NCDENR must receive "[a]n approval letter from the unit of local government having zoning authority over the area . . . stating that the site meets all of the requirements of the local zoning ordinance"). A public hearing was not held prior to the approval of the permits nor was the clerk to the board of commissioners informed of the applications.

Pursuant to N.C. Gen. Stat. § 150B-45 (1991), County requested a declaratory ruling from NCDENR that (1) LCID landfills are not "demolition landfills" within the meaning of N.C. Gen. Stat. § 130A-294(a)(4)a. (1997), and (2) LCID landfills are subject to the notice and hearing provisions of N.C. Gen. Stat. § 130A-294(b1)(2) (1997). On 20 November 1996, NCDENR issued a declaratory ruling that LCID landfills are not "sanitary landfills" pursuant to N.C. Gen. Stat. § 130A-294(a)(4)a. and that the notice procedures under the statute only apply to sanitary landfills. Thus, NCDENR concluded, the notice requirements of the statute do not apply to LCID landfills.

County then filed a petition for judicial review of NCDENR's findings, pursuant to N.C. Gen. Stat. § 150B-4 (1991). On 28 October 1997, the Superior Court of Durham County upheld the declaratory ruling issued by NCDENR. County appeals.

In determining whether an agency erred in interpreting a statutory term, an appellate court employs a de novo review. *See Brooks, Comr. of Labor v. Grading Co.*, 303 N.C. 573, 580-81, 281 S.E.2d 24, 29 (1981). However, even when reviewing a case de novo, courts recognize the long-standing tradition of according deference to the agency's interpretation. *See Newsome v. N.C. State Bd. of Elections*, 105 N.C. App. 499, 507, 415 S.E.2d 201, 205 (1992) (citing *Comr. of Insurance v. Automobile Rate Office*, 294 N.C. 60, 241 S.E.2d 324

(1978)). It is a tenet of statutory construction that a reviewing court should defer to the agency's interpretation of a statute it administers "so [] long as the agency's interpretation is reasonable and based on a permissible construction of the statute." *Carpenter v. N.C. Dept. of Human Resources*, 107 N.C. App. 278, 279, 419 S.E.2d 582, 584, *temporary stay allowed*, 332 N.C. 482, 421 S.E.2d 348, *review allowed*, 332 N.C. 664, 424 S.E.2d 398 (1992), *review denied as improvidently granted*, 333 N.C. 533, 427 S.E.2d 874 (1993). "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron U.S.A. v. Natural Res. Def. Council*, 467 U.S. 837, 843, 81 L. Ed. 694, 703, *reh'g denied*, 468 U.S. 1227, 82 L. Ed. 2d 921 (1984). Thus we review this case de novo but accord considerable weight to NCDENR's interpretation of the statute at issue.

[1] The first issue presented to the Court for review is whether the superior court erred in affirming NCDENR's declaratory ruling that LCID landfills are not sanitary landfills under N.C. Gen. Stat. § 130A-294(a)(4)a., and consequently the applicability of the notice requirements of N.C. Gen. Stat. § 130A-294(b1)(2). When resolving an issue of statutory construction, we must first look to the language of the statute. *See Hieb v. Lowery*, 344 N.C. 403, 409, 474 S.E.2d 323, 327 (1996). Section 130A-294(a)(4)a. requires NCDENR to

> [d]evelop a permit system governing the establishment and operation of solid waste management facilities. A landfill with a disposal area of ½ acre or less for the on-site disposal of land clearing and inert debris is exempt from the permit requirement of this section and shall be governed by G.S. 130A-301.1. A landfill for the disposal of demolition debris generated on the same parcel or tract of land on which the landfill is located that has a disposal area of one acre or less is exempt from the permit requirement of the section and rules adopted pursuant to this section, and shall be governed by G.S. 130A-301.2. The Department shall not approve an application for a new permit, the renewal of a permit, or a substantial amendment to a permit for a sanitary landfill, excluding demolition landfills as defined in the rules of the Commission for Health Services, except as provided in subdivisions (3) and (4) of subsection (b1) of this section.

N.C. Gen. Stat. § 130A-294(a)(4)a. (1997). It is the permit requirements referred to in this statute that County brings to issue in this

case. This single paragraph addresses several distinct categories of solid waste disposal facilities. A "landfill" is statutorily defined as a "disposal facility . . . where waste is placed in or on land." N.C. Gen. Stat. § 130A-290(a)(16) (1997). Likewise, a "sanitary landfill" is defined as "a facility for disposal of solid waste on land in a sanitary manner *in accordance with the rules concerning sanitary landfills.*" N.C. Gen. Stat. § 130A-290(a)(31) (1997) (emphasis added). Thus, NCDENR, cloaked with the rulemaking authority with regard to issues of solid waste management, determines how sanitary landfills are to be defined and managed.

By defining "demolition landfill" as "a *sanitary landfill* that is limited to receiving stumps, limbs, leaves, concrete, brick, wood, uncontaminated earth or other solid wastes as approved by the Division," NCDENR intended for demolition landfills to be a subcategory of, and thus encompassed by the rules concerning, sanitary landfills. N.C. Admin. Code. tit. 15A, r. 13B.0101(4) (October 1995) (emphasis added). Likewise, because of the language used in the rules, NCDENR did *not* intend for sanitary landfills to encompass LCID landfills. Rule 13B.0501 provides:

(a) The disposal of solid waste shall be by the following approved methods or any combination thereof:

(1) Sanitary landfill;

(2) Land clearing and inert debris landfill;

(3) Incineration; or

(4) Disposal by other sanitary methods which may be developed and demonstrated to be capable of fulfilling the basic requirements of these rules and which have been approved by the Division.

N.C. Admin. Code tit. 15A, r. 13B.0501 (October 1993). By enumerating both sanitary landfills and LCID landfills as approved methods of solid waste disposal, NCDENR made a marked distinction between the two. In addition, NCDENR established entirely separate application and operational requirements for sanitary landfills and LCID landfills. *Compare* N.C. Admin. Code tit. 15A, r. 13B.0504 (February 1991), 13B.0505 (September 1990) (Application Requirements and Operational Requirements for Sanitary Landfills); *with* N.C. Admin. Code tit. 15A, r. 13B.0565 (January 1993), 13B.0566 (January 1993) (Application Requirements and Operation Requirements for LCID

Landfills). Furthermore, NCDENR set up separate permit requirements for LCID landfills. *See* N.C. Admin. Code tit. 15A, r. 13B.0563 (January 1993). Rule 13B.0563 sets forth when a permit is and is not required for LCID landfills and makes no mention whatsoever of notice to or approval by the local government. The rule applicable to LCID landfills is starkly different from the rule regarding application requirements for sanitary landfills. *See* N.C. Admin. Code tit. 15A, r. 13B.0504 (February 1991). To obtain approval for a sanitary landfill, the application must be accompanied by a permit *under all conditions*, and before an application can be granted, the local government *must* approve of the landfill and confirm that the landfill meets all requirements of local zoning ordinances. These rules governing sanitary and LCID landfills evidence NCDENR's intention to treat the two types of landfills differently.

In addition, the relative risk each poses to the public's health and safety mandates a distinction between the two. Sanitary landfills are filled with household garbage and items that are likely to decompose, thus emitting odor, attracting disease-carrying vermin, and causing health concerns. Land clearing debris is "generated solely from land-clearing activities" and has a natural, organic composition. *See* N.C. Gen. Stat. § 130A-290(a)(15) (1997). Likewise, inert debris, by its statutory definition, must "consist[] solely of material that is virtually inert and that is likely to retain its physical and chemical structure under expected conditions of disposal." *See* N.C. Gen. Stat. § 130A-290(a)(14) (1997). Therefore, the additional safeguards that apply to sanitary landfills are unnecessary for LCID landfills.

It is undeniable that NCDENR intended for sanitary landfills and LCID landfills to be treated differently, each with its own definition, regulations, and application procedures. Thus, the trial court did not err in upholding NCDENR's declaratory ruling.

**[2]** Because we have determined that LCID landfills do not fall within the statutory definition of "sanitary landfill," we turn next to the question of the applicability of the notice requirements of N.C. Gen. Stat. § 130A-294(b1)(2). This section as written pertains exclusively to sanitary landfills.

> Within 10 days after receiving an application for a permit, for the renewal of a permit, or for a substantial amendment to a permit for a *sanitary landfill*, the Department shall notify the clerk of the board of commissioners of the county or counties in which the sanitary landfill is proposed to be located . . . .

N.C. Gen. Stat. § 130A-294(b1)(2) (1997) (emphasis added). Because this section refers exclusively to sanitary landfills and we have concluded that LCID landfills are *not* sanitary landfills, it follows that the notice requirements of this section are inapplicable to LCID landfills.

The trial court's decision is therefore

Affirmed.

Judges GREENE and WALKER concur.