I must respectfully dissent from the majority opinion and would reverse the Opinion and Award of the Deputy Commissioner primarily for the reason that the deceased did not suffer an injury by accident within the meaning of the Workers' Compensation Act. Furthermore, the greater weight of the medical evidence of record does not support the conclusion that deceased's heart attack was causally related to his employment with defendant-employer.
The Workers' Compensation Act does not compensate a worker for all injuries but only for injuries by accident. O'Mary v.Land Clearing Corp., 261 N.C. 508, 135 S.E.2d 193 (1964). Furthermore, the fact that there was an injury does not necessitate the conclusion that there was also an accident.Bigelow v. Tire Sales Co., 12 N.C. App. 220,182 S.E.2d 856 (1971). The accident is a separate event that precedes and causes the injury and is an unusual and unexpected or fortuitous occurrence. Davis v. Raleigh Rental Center,58 N.C. App. 113, 292 S.E.2d 763 (1982); Smith v. Cabarrus CreameryCo., 217 N.C. 468, 8 S.E.2d 231 (1940). All of these cases are applicable to the case at hand where deceased's alleged injury by accident is a heart attack suffered on 4 April 1996 allegedly resulting from cumulative stress at work. In fact, case law pertaining to heart attacks alleged to be compensable as a result of an injury by accident requires that the heart attack result from an injury by accident which is a separate event that is unusual and in the course of employment. For example,Jackson v. Highway Comm'n, 272 N.C. 697, 701,158 S.E.2d 865, 868 holds that "When one is carrying on his usual activities in the usual way and suffers a heart attack, the injury does not arise by accident out of and in the course of employment."
In the instant case, plaintiff has failed to show a precipitating event or any unusual activities or occurrences at work. In fact, ironically, deceased's last week of work prior to his death was probably one of the least stressful weeks for him. Even if plaintiff could prove that the stress deceased allegedly suffered was unusual, the stress continued thereby becoming a usual part of deceased's work routine.
No evidence was offered indicating that deceased's work activities differed in any respect from those of other managers at defendant-employer's other stores in the area or from his past activities as a manager. All managers performed the duties of processing paper work, sales, customer relations, scheduling work, hiring technicians, managing stock, and in general overseeing the operations of the store. In fact, it is clear from the lay testimony that other stores in the Triad area did much more business than the deceased's store. Not only was deceased's job not unusual as compared with other manager jobs at other stores, there was nothing unusual about his job or job activities on 4 April 1996, the day of his death. Furthermore, his heart attack did not occur on the job but occurred after he was at home in bed.
Plaintiff argues that the cumulative effect of work-related stressors over time gave rise to a heart attack. This does not constitute an injury by accident. In fact, the premise that the alleged unusual stressors occurred over time indicates that even if there were once unusual stressors, that those stressors became a usual part of his employment thereby precluding the finding of an injury by accident.
Even assuming arguendo that plaintiff was actually exposed to unusual conditions, the case of Dye v. ShippersFreight Lines, 118 N.C. App. 280, 454 S.E.2d 845 (1995), precludes recovery. In Dye the employee suffered a heart attack brought on by long hours, a rough ride in a nearly empty truck, equipment failure causing the inside of his truck to become extremely hot and stress related to his job conditions. Medical evidence was offered that plaintiff's pre-existing coronary disease was aggravated by the conditions of his employment and that his work contributed to his disease. The Court of Appeals affirmed the Commission's denial of benefits on the ground that plaintiff did not describe an injury by accident. The Court took into consideration the conditions of employment described by the employee, including the long hours, which had persisted for months and thus held that the conditions had become a normal part of the work routine.
Furthermore, any cumulative effect of stress occurring over time would lend itself to an occupational disease claim rather than an injury by accident claim. However, plaintiff never made a claim for an occupational disease. Moreover, he has not presented adequate evidence to find liability, as there is nothing characteristic of and peculiar to deceased's job, which would cause him to develop an occupational disease involving his heart or to place him at an increased risk as compared to the general public. In fact, plaintiff's argument and plaintiff's expert witness testimony are based heavily on the assumption that plaintiff did not have a pre-existing or existing heart condition and the heart attack was a sudden and unexpected occurrence. Finally, this assumption is inaccurate, as there is evidence in the record of pre-existing coronary disease, including a prior cardiac catherization.
Further, assuming arguendo that plaintiff did experience unusual stress at work, this claim nevertheless should be denied for lack of medical causation. The undersigned would give greater weight to the testimony of Dr. Mark than to that of Dr. Frid. Dr. Mark is one of the country's leading experts in the area of job stress and heart attacks and has conducted much research in this area. According to Dr. Mark's research, occupational stress is not a contributor to heart disease. Even if stress led to deceased's heart attack, it is impossible to distinguish any alleged occupational stress from the multitude of stressors in deceased's personal life. For example, deceased had difficulty with the IRS and the sudden death of several family members. Furthermore, deceased scored at the maximum level on the scale for heart disease according to Dr. Mark. Deceased was three times more likely than the average person to have a heart attack over a 10-year period. He had the risk factors of pre-existing coronary disease, diabetes, hypertension, high cholesterol, smoking, and evidence of early left ventricular hypertrophy from a 1990 EKG.
Finally, I would give little weight to Dr. Frid's testimony, which causally relates deceased's heart attack to his employment. Dr. Frid has not researched the relationship between occupational stress and heart attacks. Although Dr. Frid offers a theory regarding "triggers" or a triggering event, neither he nor plaintiff can offer evidence of a particular triggering event. Furthermore, Dr. Frid does not require a significant physical or emotional incident to constitute a triggering event. This is contrary to accepted research. He instead believes that any increase in heart rate or blood pressure can cause a heart attack. According to his theory, some event occurred within a few hours to 3 to 5 days before death, which caused a plaque rupture within deceased's body resulting in a heart attack. Under this theory, it is mere speculation as to what caused deceased's heart attack as no specific event has been identified. Even Dr. Frid admitted that any situational stress, whether work related or personal could be problematic. Dr. Frid's inability to identify a triggering event in deceased employment is a fatal flaw in his opinion regarding causation.
In my opinion the majority in this case misapplied the law regarding an injury by accident and incorrectly placed greater weight on the testimony of Dr. Frid and certain lay witnesses. Accordingly, I must dissent.
 S/_______________ DIANNE C. SELLERS COMMISSIONER