I would affirm the opinion of the Deputy Commissioner in this case, and therefore, respectfully dissent.
The real issue in this case is determining the "accident" that is compensable. The majority finds that the loss of consciousness is the compensable accident. I disagree. The evidence is clear and uncontroverted that plaintiff had pre-existing cardiovascular problems and that these problems could be aggravated by traveling at high altitudes in thin air, such as the heights of the Rocky Mountains. Further, plaintiff's work routinely required that he drive through the Rocky Mountains. Thus, this travel, his syncope and the resulting tachycardia are not the result of a compensable accident. There is no competent evidence to support the majority's conclusion that the heart attack arose from an accident in the course of plaintiff's employment. The plaintiff has failed to establish that his heart attack occurred as a result of some unusual or extraordinary exertion. See Dye v. ShippersFreight Lines, 118 N.C. App. 280, 454 S.E.2d 845 (1995). The travel incurred at the time and place of his heart attack was not new or unusual. Id. Thus, the heart attack, and sequella including the need for the defibrillator, is not the result of a compensable accident. Rather, plaintiff's pre-existing diseased heart caused his syncope and produced the vehicular accident.
Rather, the compensable "accident" in this case occurred when plaintiff sustained injuries when he struck the inside of the truck in the course of the otherwise non-compensable vehicular accident, i.e., while the truck was sliding down the mountain. Thus, the deputy commissioner was correct in awarding compensation for the chest contusion and atrial fibillation sinus tachycardia that resulted from the increased risk of injury caused by his employment. The syncope and tachycardia was not the result of an unusual work occurrence; however, the chest contusion and associated atrial fibillation arose from striking the steering wheel and thereby results from unique circumstances of his employment.
I disagree with the majority's analysis of the medical evidence because the medical testimony must be read in light of the "compensable accident," rather than any accident or occurrence. When one considers that the syncope and resulting need for treatment for the cause of this condition was not the result of the vehicle accident, but rather was the non-compensable cause of the vehicle accident, the answer should prove that the deputy's opinion should be affirmed.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER