MAUREEN SHAY, Employee, Plaintiff v. ROWAN SALISBURY SCHOOLS, Employer; SELF-INSURED, (CORVELL, THIRD PARTY ADMINISTRATOR), Defendant

No. COA09-1587

(Filed 20 July 2010)

**Workers' Compensation— injury by accident—elevator inoperable—climbing stairs—knee injury**

A workers' compensation plaintiff did not suffer an injury by accident in the course of her employment when she injured her knee while walking up stairs because the elevator was not working. Plaintiff had been walking up the stairs for four weeks by the time the injury occurred, so that the stairs had become a part of plaintiff's normal work routine.

Judge WYNN dissenting.

Appeal by defendant from Opinion and Award of the North Carolina Industrial Commission entered 27 August 2009. Heard in the Court of Appeals 11 May 2010.

*Doran, Shelby, Pethel & Hudson, P.A., by David A. Shelby, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Jennifer M. Jones, for defendant-appellant.*

CALABRIA, Judge.

Rowan Salisbury Schools ("defendant") appeals an Opinion and Award of the North Carolina Industrial Commission ("the Commission") concluding that Maureen Shay ("plaintiff") suffered a compensable injury due to "accident" while in the course of her employment. We reverse.

## I. BACKGROUND

Plaintiff has been employed by defendant for more than fifteen years as a teacher. Plaintiff's classroom was located on the second floor of Salisbury High School. Prior to November 2006, plaintiff normally used the school's elevator to reach the second floor because "it was difficult for [her] to walk up the stairs." On 3 November 2006, the elevator stopped working and remained inoperable for six weeks. During this time, plaintiff used the stairs to reach the second floor. On 4 December 2006, as plaintiff was ascending the stairs to her classroom, her left knee "gave out."

Plaintiff's knee pain increased, and on 5 December 2006, she reported the incident to Shawnee Holmes ("Holmes"), the school secretary. Holmes instructed plaintiff to complete a Workers' Compensation form. On the form, plaintiff indicated that as she was going up the stairs at school, her knee popped and that by the end of the day, she could not walk. Holmes also instructed plaintiff to seek treatment at Pro-Med—Salisbury ("Pro-Med"), a medical clinic. On 5 December 2006, Dr. David N. Russell ("Dr. Russell") evaluated plaintiff at Pro-Med. Plaintiff told Dr. Russell that she injured her left knee while climbing the stairs at work, and that she had pre-existing, non-disabling degenerative arthritis in her knees. Dr. Russell diagnosed plaintiff with a knee sprain and assigned climbing restrictions.

On 9 January 2007, plaintiff returned to Pro-Med and reported no improvement in the condition of her knee. Dr. Epifanio Rivera ("Dr. Rivera") ordered an MRI which revealed a medial meniscus tear in plaintiff's left knee. After reviewing the MRI results with plaintiff during a follow-up visit on 31 January 2007, Dr. Rivera referred plaintiff to an orthopaedist. Pro-Med contacted defendant's insurance carrier and learned that defendant would not pay for orthopaedic treatment.

SHAY v. ROWAN SALISBURY SCH.

[205 N.C. App. 620 (2010)]

After defendant denied plaintiff's claim, plaintiff sought treatment from Dr. William Stephen Furr ("Dr. Furr"), an orthopaedic surgeon at Centralina Orthopaedic and Sports Medicine, on 7 March 2007. Dr. Furr reviewed plaintiff's MRI and diagnosed a "left knee strain with medial meniscus tear." On 22 May 2007, Dr. Furr performed arthroscopic surgery on plaintiff's left knee. Dr. Furr medically excused plaintiff from work for the period of 22 March 2007 to 9 May 2007; however, plaintiff returned to work on 24 April 2007.

On 14 August 2007, plaintiff filed an Industrial Commission Form 18 ("Form 18") with the Commission alleging that she had suffered an injury which entitled her to workers' compensation. On the Form 18, plaintiff stated that the injury she sustained was to her "left knee and any other injuries causally related" and that the injury occurred because she "[d]id not normally use stairs; elevator was broken; went up stairs to get to classroom injuring left knee." Plaintiff sought workers' compensation benefits for the period from 23 March 2007 through 23 April 2007. Defendant denied compensability on the ground that "[p]laintiff did not suffer an injury [by] accident arising out of or in the course and scope of her employment pursuant to N.C. G.S. []97-2[(6)]." On 14 August 2007, plaintiff filed a Form 33 in which she requested a hearing before the Commission.

On 21 May 2008, a hearing was held before Deputy Commissioner Myra L. Griffin ("Deputy Commissioner Griffin"). In an Opinion and Award filed 30 December 2008, Deputy Commissioner Griffin found, *inter alia*:

> By December 4, 2006, climbing the stairwell had become part of plaintiff's normal work routine. There was nothing unusual or out of the ordinary in the way plaintiff was performing her job duties, nor was there an interruption of her normal work routine. Plaintiff did not sustain an injury as the result of any accident arising out of and in the course of her employment with defendant.

Deputy Commissioner Griffin concluded that plaintiff's injury was not the result of an "accident" and plaintiff was not entitled to compensation for her injury.

On 7 January 2009, plaintiff appealed to the Full Commission. In an Opinion and Award filed 27 August 2009, the Full Commission concluded, by a 2-1 decision, that "the act of climbing the stairs as opposed to using the elevator was an interruption of plaintiff's normal work routine and introduced new conditions to plaintiff's

employment." The Full Commission further concluded that "[t]he period of time during which plaintiff had to break from her normal routine of using the elevator was insufficient for the act of climbing the stairs to become part of her normal work routine." Ultimately, the Full Commission concluded that plaintiff had "sustained an injury by accident arising out of and in the course of her employment with defendant-employer" and accordingly awarded her compensation.

Commissioner Bernadine S. Ballance ("Commissioner Ballance") filed a dissenting opinion in which she stated:

> I do not believe that plaintiff has proven that she sustained an injury by accident. Plaintiff felt a pop in her knee while climbing the stairwell to her classroom. Plaintiff is contending that the "out of service" elevator was the interruption of her normal work routine and that having to climb stairs to get to her classroom introduced new conditions to her employment. At the time of her injury the elevator had been "out of service" for four weeks and climbing stairs had become part of her normal work routine.

Commissioner Ballance then concluded that "plaintiff did not establish an accident under N.C. Gen. Stat. § 97[-]2(6)." Defendant appeals.

## II. STANDARD OF REVIEW

Our review of a decision of the Commission is limited to a determination of "whether there was any competent evidence before the Commission to support its findings of fact and whether the findings of fact justify its legal conclusions and decision." *Buchanan v. Mitchell County*, 38 N.C. App. 596, 599, 248 S.E.2d 399, 401 (1978). "The findings of fact by the Industrial Commission are conclusive on appeal, if there is any competent evidence to support them, and even if there is evidence that would support contrary findings." *Richards v. Town of Valdese*, 92 N.C. App. 222, 225, 374 S.E.2d 116, 118 (1988). "The Commission's conclusions of law are reviewed *de novo*." *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).

## III. "ACCIDENT"

Defendant argues that the Commission erred by concluding that plaintiff's injury was an injury by accident. Specifically, defendant argues that the Commission erred by concluding, despite the fact that plaintiff had been climbing the stairs for a month prior to her injury, that the activity had not become part of plaintiff's normal work routine. We agree.

Under the Workers' Compensation Act, a plaintiff is entitled to compensation for an injury "only if (1) it is caused by an 'accident,' and (2) the accident arises out of and in the course of employment." *Pitillo v. N.C. Dep't of Envtl. Health & Natural Res.*, 151 N.C. App. 641, 645, 566 S.E.2d 807, 811 (2002); *see* N.C. Gen. Stat. § 97-2(6) (2009). The parties do not dispute that plaintiff's injury was sustained in the course of her employment. However, defendant contends that the Commission erred in concluding that plaintiff was injured as a result of the "interruption of the regular work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences."

Chapter 97 defines "injury" to mean "only injury by accident arising out of and in the course of the employment[.]" N.C. Gen. Stat. § 97-2(6) (2008).

> Our Supreme Court has defined the term 'accident' as used in the Workers' Compensation Act as 'an unlooked for and untoward event which is not expected or designed by the person who suffers the injury[;]' [t]he elements of an 'accident' are the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences.

*Poe v. Acme Builders*, 69 N.C. App. 147, 149, 316 S.E.2d 338, 340 (1984) (quoting *Adams v. Burlington Industries*, 61 N.C. App. 258, 260, 300 S.E.2d 455, 456 (1983) (internal quotations omitted)). However, "once an activity, even a strenuous or otherwise unusual activity, becomes a part of the employee's normal work routine, an injury caused by such activity is not the result of an interruption of the work routine or otherwise an 'injury by accident' under the Workers' Compensation Act." *Bowles v. CTS of Asheville*, 77 N.C. App. 547, 550, 335 S.E.2d 502, 504 (1985).

In the instant case, plaintiff was injured when she was climbing stairs going to her second-floor classroom. Plaintiff did not stumble, fall, trip, slip, or twist her knee causing her injury. Therefore, plaintiff did not suffer an "accident" in the routine sense of workers' compensation analysis. *See Chambers v. Transit Mgmt.*, 360 N.C. 609, 618-19, 636 S.E.2d 553, 559 (2006) ("The statute defines an 'injury by accident' . . . to be an injury that is 'the direct result of a specific traumatic incident' and 'causally related to such incident.'" (quoting N.C. Gen. Stat. § 97-2(6)). We are thus left with whether the climbing of the stairs was an interruption of her work routine.

" 'New conditions of employment to which an employee is intro-
duced and expected to perform regularly do not become a part of
an employee's work routine until . . . the employee has gained
proficiency performing in the new employment and becomes
accustomed to the conditions it entails.' " *Church v. Baxter
Travenol Laboratories*, 104 N.C. App. 411, 414, 409 S.E.2d 715,
716 (1991) (citation omitted). However, "once an activity, even a
strenuous or otherwise unusual activity, becomes a part of the
employee's normal work routine, an injury caused by such activ-
ity is not the result of an interruption of the work routine or oth-
erwise an 'injury by accident.' " *Bowles v. CTS of Asheville, Inc.*,
77 N.C. App. 547, 550, 335 S.E.2d 502, 504 (1985).

*Dye v. Shippers Freight Lines*, 118 N.C. App. 280, 282-83, 454 S.E.2d
845, 847 (1995).

In *Trudell v. Heating & Air Conditioning Co.*, 55 N.C. App. 89,
284 S.E.2d 538 (1981), the employee installed heating and air condi-
tioning units and duct work. *Id.* at 89, 284 S.E.2d at 539. This required
working in the restrictive areas of crawl spaces underneath buildings.
*Id.* After working in an unusually low crawl space for two weeks, the
employee began experiencing back pain, and was diagnosed with an
acute lumbosacral strain. *Id.* This Court held:

Plaintiff worked for at least one week and possibly two weeks
under such conditions before experiencing the pain of which he
presently complains. We agree with the Commission that by that
time, the low crawl space had become part of plaintiff's normal
work routine. There was, therefore, no accident causing his back
injury. The award order is affirmed.

*Id.* at 91, 284 S.E.2d at 540.

The dissent attempts to distinguish *Trudell* from the instant case.
If anything, *Trudell* is a much stronger case for compensability than
the instant case. In *Trudell*, the employee was required, as a condition
of his employment to work in an unusually confined crawl space to
install equipment. After one to two weeks, this understandably re-
sulted in back pain. However, this Court ruled that this short period
of time was sufficient for the activity to become part of the
employee's "normal work routine." *Id.* In the instant case, the eleva-
tor was not operable for a period of more than a month, a time period
two to four times longer than that in *Trudell*. We hold that, in the
instant case, climbing the stairs for a period of more than one month

became a part of plaintiff's "normal work routine" and that she did not suffer an injury that was compensable under the Workers' Compensation Act.

Furthermore, the use of the stairs was not a "new condition of employment" giving rise to a workers' compensation claim. It is reasonable to infer that the stairs were not newly added to the building when the elevator broke down, and had been there from the initial construction of the building. It is clear from the Commission's findings of fact that prior to the elevator breaking down, plaintiff chose to use the elevator. Defendant did not compel plaintiff to use either the elevator or the stairs.

## IV. CONCLUSION

Because climbing the stairs became a part of plaintiff's normal work routine and was not a new condition of her employment, the Commission erred by concluding plaintiff sustained an injury by accident arising out of and in the course of her employment and awarding her workers' compensation benefits. The Commission's opinion and award must be reversed.

Reversed.

Judge STEELMAN concurs.

Judge WYNN dissents in a separate opinion.

WYNN, Judge, dissenting.

Under the Workers' Compensation Act, an accidental cause of an employee's injury will be inferred when the employee's normal work routine is interrupted thereby introducing unusual conditions likely to result in unexpected consequences.[1] In the instant case, the interruption of Plaintiff's work routine required her to repeatedly engage in physical activity in a manner not required during her usual employment, thus exposing her to unforeseen outcomes. Because Plaintiff's injury was therefore caused by an accident, I would affirm the Full Commission's award entitling Plaintiff to workers' compensation.

It is undisputed that Plaintiff injured her knee while climbing the stairs to reach her classroom. Notably, the Full Commission concluded that "the act of climbing the stairs as opposed to using the ele-

---

1. *Gunter v. Dayco Corp.*, 317 N.C. 670, 673, 346 S.E.2d 395, 397 (1986).

vator was an interruption of plaintiff's normal work routine and introduced new conditions to plaintiff's employment." Providing support for this conclusion were the Commission's following findings of fact:

2. . . . Prior to the incident giving rise to this claim, plaintiff's normal method of accessing her second floor classroom was to use the school's elevator. . . .

3. On November 3, 2006, the elevator at plaintiff's school broke, and was then non-operational for a period of six (6) weeks. Therefore, during this period of maintenance, plaintiff had to break from her normal routine of using the elevator and instead, alter the manner in which she reached her second floor classroom by using the staircase.

Plaintiff testified that she had worked for Defendant in the same position for fifteen years and that, prior to December 4th, she normally used the elevator to reach her classroom on the second floor. Plaintiff's testimony serves as competent evidence supporting the Full Commission's finding that climbing the stairs constituted a departure from her normal method of reporting to her classroom. The Commission's findings in turn support the conclusion that the act of climbing the stairs constituted an interruption of Plaintiff's normal work routine.

However, the majority holds that in light of the fact that Plaintiff had been climbing the stairs for more than a month prior to her injury, the Commission erred by concluding that

[t]he period of time during which plaintiff had to break from her normal routine of using the elevator was insufficient for the act of climbing the stairs to become part of her normal work routine.

I recognize that this Court has found an interval of time significantly shorter than one month sufficient for changed employment circumstances to become part of an employee's normal work routine. *See Trudell v. Heating & Air Conditioning Co.*, 55 N.C. App. 89, 91, 284 S.E.2d 538, 540 (1981) (denying workers' compensation because after working for "at least one week and possibly two weeks" under changed conditions, the conditions became part of plaintiff's normal work routine). However, *Trudell* is distinguishable from the case at bar based on the nature of the change at issue.

In *Trudell*, the plaintiff worked for two and a half years doing air conditioning duct work which required him to operate in the crawl space beneath various buildings. *Id.* at 89-91, 284 S.E.2d at 539-40.

After working for two weeks under a building with a crawl space that "was lower than any other under which plaintiff had previously worked," plaintiff "began to feel pain in his lower back." *Id.* at 89, 284 S.E.2d at 539. In affirming the Full Commission's decision to deny compensation, this Court focused on the fact that the plaintiff had long performed similar work and there was no evidence that the type of work plaintiff was performing when injured required "unusual exertion or twisting" of any sort. *Id.* at 91, 284 S.E.2d at 540. Indeed, we stated that the plaintiff's "location underneath the building was normal for air duct installation." *Id.* Additionally, we noted that, "[a]t times [plaintiff] was required to lie on his back but there is no finding that that position was an unusually cramped one from which to work." *Id.*

In contrast, Plaintiff in the instant case was required, as a result of the elevator malfunction, to engage in physical activity different than that to which she had become accustomed. The Full Commission found as fact that "the use of stairs introduced new conditions to plaintiff's employment, i.e., carrying books up stairs as opposed to riding on the elevator as she had done for fifteen years prior to November 3, 2006." Thus, the case *sub judice* presents a different set of factual circumstances than that before us in *Trudell,* where the plaintiff's ordinary work activity was merely performed in a smaller space.

Nonetheless, Defendant further cites *Gunter v. Dayco Corp.,* 317 N.C. 670, 346 S.E.2d 395 (1986), to support the contention that a month provided sufficient time for climbing stairs to become part of Plaintiff's work routine. In *Gunter,* an employee was reassigned by his employer to a new position entailing different work duties. *Id.* at 671, 346 S.E.2d at 396. The Court held that the plaintiff's new duties could not become part of his normal work routine until he had become proficient in, and accustomed to, his new job requirements. *Id.* at 675-76, 346 S.E.2d at 398 (awarding compensation where plaintiff worked in the new position for only "two days and a few hours" prior to sustaining the injury and had not become proficient in, nor accustomed to, the new job). However, *Gunter* did not address the issue of when an abnormal activity could become routine. Instead, the issue in that case was how long it took before a regularly performed activity which was part of the plaintiff's normal duties could be considered part of his work routine. Importantly, in *Gunter,* the nature of the employee's job changed such that new activities were expected to be "regularly" performed. *Id.* at 675, 346 S.E.2d at 398.

Contrastingly, in the case at bar, Plaintiff was performing a job wherein she had never been "regularly expected" to walk up the stairs. Indeed, her testimony established that her standard practice, observed for fifteen years, was to ride the elevator to the second floor. Furthermore, witness testimony established that it was uncommon for the elevator to be broken for prolonged periods of time. The school's Assistant Maintenance Director testified that the majority of the times when the elevator broke, service repairs were conducted on the same day as the reported malfunction. Thus, while Plaintiff was regularly expected to report to her second floor classroom, there is no evidence that she was regularly expected to use the stairs to do so.

In sum, I would hold that the factual findings of the Full Commission, establishing Plaintiff's regular practice of using the elevator, supported its conclusion that climbing the stairs had not, by the time she was injured, become part of Plaintiff's normal work routine. Accordingly, I would affirm the Full Commission's determination that Plaintiff suffered her injury as the result of an accident arising out of and in the course of employment.[2] See N.C. Gen. Stat. § 97-2(6) (2009).

---

2. The Industrial Commission, by virtue of its experience and expertise in administering the Workers' Compensation Act, deserves a degree of deference in its determinations as to what constitute interruptions of an employee's work routine sufficient to infer an accidental cause of a plaintiff's injury. *Cf. County of Durham v. N.C. Dep't of Env't & Natural Resources*, 131 N.C. App. 395, 396, 507 S.E.2d 310, 311 (1998) ("[E]ven when reviewing a case de novo, courts recognize the long-standing tradition of according deference to the agency's interpretation" of a statute it administers.), *disc. review denied*, 350 N.C. 92, 528 S.E.2d 361 (1999). Indeed, in both *Trudell* and *Gunter*, the Court affirmed the decision of the Industrial Commission as to this issue.