CHARLENE CODY, WIDOW OF JOHN HOLLIS CODY, DECEASED, EMPLOYEE, PLAINTIFF v. SNIDER LUMBER COMPANY, EMPLOYER; SELF-INSURED, (HEWITT, COLEMAN & ASSOCIATES), DEFENDANT

No. 573PA89

(Filed 10 January 1991)

**Master and Servant § 67 (NCI3d) — workers' compensation — heart attack — not a compensable accident**

The Industrial Commission properly concluded in a workers' compensation action that decedent's heart attack was not the result of an accident arising out of and in the course of his employment where decedent was a sixty-two-year-old truck driver with high blood pressure and a preexisting heart condition; decedent attempted to remove a synthetic mesh tarp from his trailer; the tarp caught on something and decedent

had to jerk hard on the tarp three or four times; the problem appeared to frustrate decedent; decedent then began to back his truck up a ramp to a hydraulic lift; it took decedent four attempts to align the wheels correctly and successfully back the truck onto the lift; the lack of power steering made the maneuver more difficult; the situation also appeared to aggravate decedent; decedent hooked a safety chain to the truck, walked to a nearby control panel, and pressed a button to raise the lift platform and dump the load; and decedent collapsed and died shortly thereafter. Based upon substantial competent evidence, the Commission found that the only event which could be deemed unexpected and extraordinary was the sticking of the tarp and that the sticking of the tarp was not a precipitating factor in decedent's death.

**Am Jur 2d, Workmen's Compensation § 300.**

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals, 96 N.C. App. 293, 385 S.E.2d 515 (1989), reversing an opinion and award of the Industrial Commission in favor of the defendant entered on 15 October 1987. Heard in the Supreme Court on 5 September 1990.

*Thomas A. McNeely for the plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, by Hatcher Kincheloe and Mika Z. Savir, for the defendant-appellant.*

MITCHELL, Justice.

The central issue before this Court is whether the Court of Appeals erred in concluding, contrary to the Industrial Commission's opinion and award, that the decedent-employee's fatal heart attack was the result of an "injury by accident" under N.C.G.S. § 97-2(6) (1985) and was compensable under our Workers' Compensation Act. We hold that the Court of Appeals erred in this regard. Accordingly, we reverse the decision of the Court of Appeals.

The defendant lumber company employed the decedent as a truck driver. The decedent regularly hauled residue consisting of sawdust and bark to paper mills in a tractor-trailer truck.

On 10 July 1984, the decedent hauled a load of residue to a mill in Rock Hill, South Carolina. At the designated dumping site, the decedent attempted to remove a synthetic mesh tarp cover-

ing the trailer. However, the tarp became caught on something. In order to free it, the decedent had to jerk hard on the tarp three or four times. A fellow truck driver opined that this problem appeared to frustrate the decedent.

The decedent then got into his truck and began to back it up a ramp to a hydraulic lift. Once again, the decedent had difficulty performing his task, and it took him four attempts to align the wheels correctly and successfully back the truck onto the lift. The lack of power steering in the truck made this maneuver more difficult. The other truck driver present opined that this situation also appeared to aggravate the decedent.

After the decedent properly aligned the truck with the lift, he hooked a safety chain to the truck, walked to a nearby control panel, and pressed a button to raise the lift platform and dump the load. Shortly thereafter, he collapsed and died of "sudden cardiac death."

At the time of his death, the decedent was sixty-two years old. He suffered from high blood pressure and a preexisting heart condition.

The Industrial Commission found, *inter alia*, that:

7. The only occurrence which *could* be found to have been out of the ordinary on this occasion was that the tarp became hung. However, decedent's heart attack did not occur until 15 to 20 minutes later after he had been involved in much more strenuous activity than his jerking on the tarp. His pulling on the tarp was not proven to be and is found not to be the precipitating cause of the heart attack. Rather, it was his emotional response to *the situation* in that he became aggravated and frustrated which was the precipating (sic) factor. Frustration, however, is a common reaction to many things which occur while driving on public streets and highways. Decedent had been a truck driver for most if not all of his adult life and had been subjected to these frustrations as a regular part of his life. The emotional response he had on this occasion does not constitute an injury by accident arising out of and in the course of his employment.

8. Decedent drove the same truck regularly in his employment with defendant, and he was often required to make deliveries to the Bowater Plant. He was accustomed to not

CODY v. SNIDER LUMBER CO.

[328 N.C. 67 (1991)]

having power steering. The evidence does not indicate how many times in the past he had had to back the truck up the ramp in order to get it between the rails or to what extent he would otherwise be struggling with the steering wheel in order to drive in and out of tight places in the course of his employment. Decedent was required to do work outside of the truck year around and in all temperatures. This was a typical July day, and the temperature was no hotter than it usually gets in July. Plaintiff did not prove that there was anything unusual in these activities of decedent on this occasion nor that there was an interruption of his regular work routine.

(Emphasis added.)

Review on appeal from an order and award of the Industrial Commission is limited to a determination of whether the Commission's findings are supported by the evidence and whether the findings, in turn, support the Commission's conclusions. *Dillingham v. Yeargin Construction Co.*, 320 N.C. 499, 502, 358 S.E.2d 380, 381-82, *reh'g denied*, 320 N.C. 639, 360 S.E.2d 84 (1987). However, "[f]indings of fact which are essentially conclusions of law will be treated as such upon review." *Id.*, 358 S.E.2d at 382 (1987) (citing *Perkins v. Insurance Co.*, 274 N.C. 134, 161 S.E.2d 536 (1968)).

For an injury to be compensable, the plaintiff must introduce competent evidence to support the inference that an accident caused the injury in question. *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 265 S.E.2d 389 (1980); *see Gunter v. Dayco Corp.*, 317 N.C. 670, 346 S.E.2d 395 (1986). As used in our Workers' Compensation Act, the terms "accident" and "injury" are not synonymous. *Rhinehart v. Roberts Super Market, Inc.*, 271 N.C. 586, 588, 157 S.E.2d 1, 3 (1967). "An accident, as the term is used in the Act, is '(1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause.'" *Id.* (quoting *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 428, 124 S.E.2d 109, 110-11 (1962)). "[T]here must be some unforeseen or unusual event other than the bodily injury itself." *Id.* (citing *Keller v. Electric Wiring Co.*, 259 N.C. 222, 130 S.E.2d 342 (1963)).

Further, our Workers' Compensation Act states that " '[i]njury and personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and

CODY v. SNIDER LUMBER CO.

[328 N.C. 67 (1991)]

unavoidably from the accident." N.C.G.S. § 97-2(6) (1985). When an employee is conducting his work in the usual way and suffers a heart attack, the injury does not arise by accident and is not compensable. *Jackson v. Highway Commission*, 272 N.C. 697, 701, 158 S.E.2d 865, 868 (1968). However, an injury caused by a heart attack may be compensable if the heart attack is due to an accident, such as when the heart attack is due to *unusual or extraordinary exertion, Lewter v. Abercrombie Enterprises, Inc.*, 240 N.C. 399, 404, 82 S.E.2d 410, 415 (1954), or extreme conditions. *Dillingham*, 320 N.C. at 503, 358 S.E.2d at 382.

Although it is unclear whether the Commission concluded in the present case that the sticking of the tarp was an "accident," we assume, *arguendo*, that it reached that conclusion. Since the Commission found that the only event which "could" be deemed unexpected or unusual and, thus, an accident was that the tarp became caught, the decedent suffered injury by accident only if that event caused his heart attack. Based upon medical evidence in the record, or the lack thereof, the Commission found that the physical exertion of tugging on the tarp was not the precipitating cause of the decedent's heart attack.

The Commission's opinion and award is not a model of clarity, but it seems clear that the Commission also found that the frustration the decedent experienced as a result of his efforts to free the tarp did not cause his heart attack. Instead, the Commission found that the decedent's emotional response to "the situation" was the precipitating factor. When the Commission's opinion is viewed in its entirety, it is apparent that the Commission used the term "situation" to describe events which were precipitating factors with regard to the decedent's heart attack, such as backing the tractor-trailer truck several times to align it properly, but which occurred after he had freed the tarp. The Commission clearly found from competent evidence, however, that the events comprising the "situation" after the decedent freed the tarp were neither unexpected nor extraordinary. Therefore, the "situation" and the decedent's frustration arising from it did not constitute an accident within the meaning of our Workers' Compensation Act.

The Court of Appeals reversed the opinion and award of the Commission and expressed the view that the facts as found by the Commission would support no conclusion other than that the decedent's heart attack was due to an accident and was a compen-

sable injury. The Court of Appeals stated that the Commission had concluded that the decedent's heart attack was not caused by an accident and was not compensable "because it was precipitated by a mental stimulus, frustration, rather than physical exertion . . . ." 96 N.C. App. 293, 297, 385 S.E.2d 515, 518 (1989). For the reasons previously set forth herein, we do not believe that the Commission reached or resolved the issue of whether a heart attack caused by unexpected and extraordinary frustration may be compensable.

We need not decide here whether the type of "extraordinary exertion" which makes a resulting heart attack compensable includes extraordinary emotional exertion. Based upon substantial and competent evidence, the Commission found in the present case that the only event which could be deemed unexpected and extraordinary and, thus, an accident was the sticking of the tarp. The Commission also found, however, that the sticking of the tarp was not a precipitating factor in the decedent's death. Therefore, the Commission properly concluded that the decedent's heart attack was not the result of an accident arising out of and in the course of the decedent's employment and that the defendant must prevail.

The decision of the Court of Appeals, reversing the opinion and award of the Industrial Commission in favor of the defendant, is reversed. This case is remanded to the Court of Appeals for further action consistent with this opinion.

Reversed and remanded.