GEORGE S. WALL, BY VIRGINIA WALL, SURVIVING SPOUSE, PLAINTIFF/CLAIMANT V. NORTH HILLS PROPERTIES, INC., DEFENDANT/EMPLOYER AND AETNA LIFE & CASUALTY COMPANY, DEFENDANT/CARRIER AND/OR THEODORE BUNN, UNINSURED, DEFENDANT/EMPLOYER

No. COA96-397

(Filed 18 February 1997)

**Workers' Compensation § 180 (NCI4th)— heart attack and death—operation of bulldozer—arising in scope of employment**

The Industrial Commission correctly concluded that decedent's heart attack and death resulted from an injury by accident arising out of and in the course of his employment and that his widow was entitled to compensation where decedent's brother-in-law contracted to clear land; decedent occasionally assisted with transporting and burning wood; decedent took home oak which he burned, sold, or gave to friends; he was 67 years old at the time of his death and had a lengthy history of heart disease; decedent agreed to watch fires at night for his brother-in law on a project in Cary; he cut and loaded blocks of wood into his truck at night and he loaded logs onto his trailer in the morning with the help of his employer by wrapping a chain around the logs before the employer used the bulldozer to load the trailer; and one morning the employer found him slumped over the controls of the bulldozer with the bulldozer running, two logs loaded onto the trailer, and another chained in front of the bulldozer. Decedent was acting in the course and scope of his employment because he was removing wood from the land to the mutual benefit of his employer and himself; the employer knew that he was taking the wood and helped him load his trailer every morning; his heart attack followed a period of unusually high exertion, which occurred when he placed chains around the logs and then

operated the bulldozer; and operating the bulldozer was unusual and not a normal part of his work routine.

**Am Jur 2d, Workers' Compensation § 332.**

Appeal by defendants North Hills Properties, Inc., and Aetna Life & Casualty Company from opinion and award of the North Carolina Industrial Commission filed 30 January 1996. Heard in the Court of Appeals 6 January 1997.

*Leon A. Lucas, P.A., by Leon A. Lucas, for plaintiff appellee.*

*Yates, McLamb & Weyher, L.L.P., by Bruce W. Berger, for defendant appellants North Hills Properties, Inc., and Aetna Life & Casualty Company.*

*No brief filed by Theodore Bunn, pro se, defendant employer.*

SMITH, Judge.

For approximately nine years, North Hills Properties, Inc., subcontracted with Theodore Bunn, a self-employed individual, to clear land. In September and October of 1993 Mr. Bunn was clearing land for North Hills. Mr. Bunn used a bulldozer to push down and pile up trees and debris which were then burned or transported off the tracts of land. Mr. Bunn's brother-in-law, George Wall, occasionally assisted with both the transporting and burning of wood. When oak trees were being cleared from the land, Mr. Wall cut the trees and took some of the oak home which he burned, sold, or gave to friends. On 28 October 1993, Mr. Wall died on the job site where he helped Mr. Bunn clear land.

Mr. Wall was 67 years old at the time of his death and had a lengthy history of heart disease. His wife testified that he had had "three heart attacks, four bypasses since 1979." Medical records showed that, in 1981, Mr. Wall underwent quadruple bypass surgery and from the date of that surgery until the time of his death, he received ongoing monitoring and treatment for various episodes of syncope and angina. Part of Mr. Wall's treatment included various medications for his heart. At the time of his death he was taking Procardia XL, Lopressor, Nitrol Ointment and aspirin, all for his heart condition.

Even after his bypass surgery, Mr. Wall continued to have problems and on a number of occasions he had to be taken to the emergency room. In July of 1986 he collapsed while walking in his yard. In

August of 1991, Mr. Wall had to be taken to the emergency room when he got out of bed too quickly to answer the door and felt dizzy, was wet with sweat and lost his balance. In January of 1993 he experienced epigastric discomfort associated with sweatiness while he was deer hunting and had to be taken to the emergency room. He developed substernal chest discomfort that went into his jaw which was relieved by lying him down on the examination table. Mr. Wall's cardiologist, Dr. J. A. Whitaker, suspected that Mr. Wall was having angina pectoris. Dr. Whitaker saw Mr. Wall in April and September of 1993 and Mr. Wall was doing well. As of 29 January 1993 Dr. Whitaker was of the opinion that Mr. Wall's angina was stable but that he remained at risk for a heart attack.

In September of 1993 Mr. Wall agreed to watch fires for Mr. Bunn on a project in Cary, North Carolina. For the first two days, Mr. Wall cut stumps out of the ground with his chain saw for eight to nine hours each day. After those two days, Mr. Wall watched fires at night, cut and loaded blocks of wood into his truck and then loaded logs onto his trailer with the help of Mr. Bunn in the morning.

Mr. Wall usually arrived at the job site in the early evening with his chain saw, pickup truck and trailer. Once there, Mr. Wall cut logs into blocks and loaded the blocks into the back of his truck. During the night Mr. Wall tended the fires. In the morning when Mr. Bunn returned to the job site, he helped Mr. Wall load logs onto Mr. Wall's trailer. Mr. Wall wrapped a chain around each log and Mr. Bunn used the bulldozer to lift the logs onto the trailer. Upon returning home, Mr. Wall's wife wrapped a chain around each log and Mr. Wall used his tractor to unload the logs.

On Wednesday evening, 28 October 1993, Mr. Bunn told Mr. Wall that he would be late arriving the next morning because he had to purchase fuel. Mr. Bunn arrived at the job site at approximately 7:15 a.m. He found Mr. Wall slumped over the controls of the bulldozer. The bulldozer was running and there were two logs loaded onto Mr. Wall's trailer and another chained log in front of the bulldozer. Mr. Wall was rushed to the emergency room in full cardiopulmonary arrest. Resuscitative efforts failed and Mr. Wall was pronounced dead. His death certificate lists "coronary artery disease" as the immediate cause of death.

The case was heard before Deputy Commissioner Bernadine S. Ballance (now Commissioner) on 31 August 1994. Deputy Commissioner Ballance made the following pertinent findings of fact:

9. Theodore Bunn's work consisted of clearing tress from the land. He would knock down trees, pile them up and burn them.

10. George S. Wall, Theodore Bunn's brother-in-law, was hired on occasions by Theodore Bunn to watch the fires. He was paid either $65.00 or $75.00 on the nights he watched the fires. Decedent had worked approximately 24 nights. George Wall was also allowed to take any wood or logs he wanted from the site for his own use and benefit. He sold some of the logs and blocks as wood to others and retained the proceeds. To transport the logs and blocks of wood from the work site, decedent would drive a pick-up [sic] truck with a trailer attached. He loaded the pick-up [sic] truck with blocks of wood and the trailer with logs. The logs would have to be loaded on the trailer with the use of heavy equipment. Theodore Bunn testified that he would help with this job. Defendant, Theodore Bunn's testimony that he did not pay decedent to watch fires and that decedent watched fires in exchange for wood is not credible in light of the substantial evidence to the contrary presented herein.

\* \* \* \*

12. Decedent's job of watching the fires did not include running the bulldozer, operating a chain saw, or any other physically demanding activities. Decedent's job was to sit in a truck and watch the burning piles of wood and other debris.

The Deputy Commissioner concluded as a matter of law that Mr. Wall's death was caused by a heart attack resulting from his preexisting heart condition and was not due to unusual or extraordinary exertion or conditions arising out of and in the course of his employment and was not compensable under the Workers' Compensation Act. The Deputy Commissioner also concluded that Mr. Wall's death was not due to exposure to extreme conditions and was not caused by accident arising out of and in the course and scope of his employment. The Deputy Commissioner denied plaintiff's claim for death benefits.

Plaintiff gave notice of appeal to the Full Commission. The Full Commission found that Mr. Wall's heart attack and resulting death occurred following a period of unusually high exertion and that the period of overexertion was from work which was unusual and not normally part of Mr. Wall's routine. The Commission also found that Mr. Wall's death by heart attack resulted from an injury by accident

WALL v. NORTH HILLS PROPERTIES, INC.

[125 N.C. App. 357 (1997)]

arising out of and in the course of his employment and that his widow is entitled to 400 weeks of compensation at the rate of $166.75 per week. From this opinion and award defendants North Hills Properties, Inc., and Aetna Life & Casualty Company appeal.

Defendants argue that the Full Commission committed reversible error in finding and concluding that Mr. Wall's death by heart attack was an accident within the meaning of the North Carolina Workers' Compensation Act. We disagree and affirm the opinion and award of the Full Commission.

Review on appeal from an award of the Industrial Commission "is limited to review of: (1) whether there was competent evidence before the Commission to support its findings; and (2) whether such findings support its legal conclusions." *King v. Forsyth County*, 45 N.C. App. 467, 467-68, 263 S.E.2d 283, 283, *disc. review denied*, 300 N.C. 374, 267 S.E.2d 676 (1980). The Commission's findings of fact are conclusive and binding on appeal if supported by competent evidence in the record even though the record contains evidence which would support a contrary finding. *Blalock v. Roberts Co.*, 12 N.C. App. 499, 504, 183 S.E.2d 827, 830 (1971).

To be compensable under the Workers' Compensation Act, an injury must result from an "accident arising out of and in the course of the employment . . . ." N.C. Gen. Stat. § 97-2(6) (1991 and Cum. Supp. 1996). "The claimant has the burden of proving each of these elements." *Pickrell v. Motor Convoy, Inc.*, 322 N.C. 363, 366, 368 S.E.2d 582, 584 (1988). "When an employee is conducting his work in the usual way and suffers a heart attack, the injury does not arise by accident and is not compensable." *Cody v. Snider Lumber Co.*, 328 N.C. 67, 71, 399 S.E.2d 104, 106 (1991) (citing *Jackson v. Highway Commission*, 272 N.C. 697, 701, 158 S.E.2d 865, 868 (1968)). "However, an injury caused by a heart attack may be compensable if the heart attack is due to an accident, such as when the heart attack is due to *unusual or extraordinary exertion, Lewter v. Abercrombie Enterprises, Inc.*, 240 N.C. 399, 404, 82 S.E.2d 410, 415 (1954), or extreme conditions." *Id.* (citing *Dillingham v. Yeargin Construction Co.*, 320 N.C. 499, 503, 358 S.E.2d 380, 382, *reh'g denied*, 320 N.C. 639, 360 S.E.2d 84 (1987)).

> " '[A]rising out of' means arising out of the work the employee is to do, or out of the service he is to perform. The risk must be incidental to the employment.
>
> * * * *

... A death does not arise out of employment unless it can be traced to the employment as a proximate cause.

*Bingham v. Smith's Transfer Corp.*, 55 N.C. App. 538, 543, 286 S.E.2d 570, 574 (1982) (citations omitted). "Whether the accident grew out of the employment is a mixed question of law and fact . . . ." *Alford v. Quality Chevrolet Co.*, 246 N.C. 214, 216, 97 S.E.2d 869, 871 (1957).

In *Lee v. F.M. Henderson & Associates*, 284 N.C. 126, 127, 200 S.E.2d 32, 35 (1973), plaintiff lost his first and second fingers while operating his employer's electric saw while working on a personal project. " 'It was not unusual for plaintiff and his co-workers to use the defendant employer's equipment for personal projects when the employees were not busy with company work. A practice or custom had been established by the employer, allowing the employees to use such equipment.' " *Id.* at 132-33, 200 S.E.2d at 37. Our Supreme Court held that

> plaintiff's use of his employer's electric saw and 'scrap' material during the Saturday morning lull was a *reasonable* activity and the risk inherent in such activity was a risk of the employment. The reasonableness of plaintiff's activity on this occasion is attested by the express approval of his superiors as well as by the established policy of his employer.

*Id.* at 134, 200 S.E.2d at 38. The Court also stated:

> We have not overlooked the Commission's finding or conclusion that plaintiff when injured "was performing an act personal to himself" and that "this activity in no way enhanced the business of the defendant employer." We take this as a finding that the particular piece of plywood with which plaintiff was working when injured was for his own personal use and that plaintiff's work thereon was of no value to the business of the employer. The specific findings of fact show that the employer, by its policy of permitting and encouraging such use of its equipment and "scrap" material, had determined that this course was for the mutual advantage of employer and employee in respect of employer-employee relationships as well as in development of the employees' skill in the areas of planning and construction.

*Id.* at 135-36, 200 S.E.2d at 39 (citation omitted). The Court further held that to deny benefits because the employee was injured while working on a article for his personal use, "narrowly and unduly"

restricted the protection of the Workers' Compensation Act. *Id.* at 136, 200 S.E.2d at 39.

In the present case the Commission made the following findings of fact:

22. The Full Commission finds that by the greater weight of the medical and other evidence of record, decedent's death by heart attack on 29 October 1993 resulted from his work for defendant Theodore Bunn and defendant-contractor North Hills, Inc. and was an injury by accident within the meaning of the Workers' Compensation Act.

23. The Full Commission finds that decedent's heart attack and resulting death at work on 29 October 1993 occurred following a period of unusually high exertion. The Full Commission also finds that this period of overexertion was from work which was unusual and not normally part of decedent's routine.

24. Decedent's death by heart attack resulted from an injury by accident arising out of and in the course of his employment on 29 October 1992.

We hold that Mr. Wall's death is compensable under the Workers' Compensation Act. He was engaged in an activity for the mutual benefit of himself and his employer Mr. Bunn. Mr. Bunn testified that he was hired by North Hills to "clear the land," and it did not matter how he disposed of the trees. He could "haul them off" or burn them. Mr. Bunn allowed Mr. Wall to take wood from the land because Mr. Bunn had to get the wood out of his way. The wood was a "hold-up" to Mr. Bunn. Further, every morning when Mr. Bunn arrived at the job site, Mr. Wall already had his truck loaded with wood. Mr. Wall also had a trailer, and Mr. Bunn helped load Mr. Wall's trailer with logs. Mr. Wall wrapped a chain around the logs and Mr. Bunn lifted the logs up with the bulldozer and placed them on the trailer. Mr. Wall then removed the chain. Mr. Bunn testified that running a bulldozer is "tiresome work." He also testified that, if someone who was not accustomed to running a bulldozer, actually ran a bulldozer for six or seven hours, "it would kill them" because they weren't used to it. On the morning of his death, Mr. Wall put two logs on the trailer. He apparently wrapped the chain around the logs as he usually did and then he operated the bulldozer, which he usually did not do. Mr. Wall was acting in the course and scope of his employment because he was removing wood from the land to the mutual benefit of his employer and him-

self. Moreover, Mr. Bunn knew that Mr. Wall was taking wood from the land and Mr. Bunn helped Mr. Wall load his trailer with wood every morning. Mr. Wall's heart attack followed a period of unusually high exertion. The period of overexertion occurred when Mr. Wall placed chains around the logs and then operated the bulldozer. Mr. Wall's operation of the bulldozer was unusual and not a normal part of his work routine. We hold that there is competent evidence to support the findings of the Commission and in turn these findings support their legal conclusions. Therefore, Mr. Wall's death by heart attack was an accident within the meaning of the Workers' Compensation Act. We affirm the opinion and award of the Commission.

Affirmed.

Chief Judge ARNOLD and Judge WYNN concur.