TEDDY D. SMITH, Employee, Plaintiff v. PINKERTON'S SECURITY AND INVESTIGA-
TIONS, Employer, and INSURANCE COMPANY OF STATE OF PENNSYLVANIA
(ALEXSIS), Carrier, Defendants

No. COA00-1130

(Filed 18 September 2001)

**Workers' Compensation— heart attack—denial of benefits**

The Industrial Commission did not err in a workers' compen-
sation case by denying benefits to plaintiff employee who suf-
fered a heart attack on 20 March 1997 while on a job-related
assignment based on the conclusion that the heart attack did not
constitute an injury by accident arising out of and in the course of
plaintiff's employment because: (1) the Commission found that
plaintiff's heart attack was not the result of unusual or extraordi-
nary exertion, but was due to plaintiff's heart disease; and (2) the
Commission found that plaintiff was angry and that his con-
frontation with his nephew on a job-related assignment precipi-
tated the heart attack, but that this confrontation did not involve
any unusual or extraordinary exertion.

Appeal by plaintiff from Opinion and Award of the North Carolina
Industrial Commission entered 27 April 2000. Heard in the Court of
Appeals 22 August 2001.

*The Jernigan Law Firm, by Leonard T. Jernigan, Jr., for the
plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, PLLC, by Allan R. Gitter and
John W. O'Tuel III, for the defendants-appellees.*

WYNN, Judge.

This appeal arises out of the denial of workers' compensation
benefits to a plaintiff who suffered a heart attack on 20 March 1997.
We affirm that denial.

Pinkerton's Security and Investigations ("Pinkerton's") employed plaintiff as a patrol supervisor. In late 1996 or early 1997, plaintiff convinced Pinkerton's to hire his nephew, Jimmy Young, as a security guard. Pinkerton's supplied Young with a uniform, patrol book (containing alarm codes and descriptions of keys for the buildings), statement log (to make inspection reports), and set of keys to the various buildings. However, when Young stopped working for Pinkerton's in early March 1997, he did not return those items. As Young's supervisor, plaintiff was responsible for recovering the items from him.

On 20 March 1997, plaintiff's wife called him at work to inform him that Young would be coming to their house that afternoon. When Young arrived at plaintiff's house, plaintiff's wife paged plaintiff at work, and plaintiff left work to address Young. Upon arriving at his house, plaintiff pulled into the driveway, blocking the exit. Young was engaged in an argument with Al Drummond, a friend of plaintiff's, over money owed by Young for a car that Drummond sold to him. Both Young and Drummond approached plaintiff's truck as he pulled into the driveway. Plaintiff told Young to return Pinkerton's keys to him; when Young refused, plaintiff began to get out of his truck, whereupon he suffered a heart attack and was taken to the hospital. Thereafter, plaintiff was out of work for several weeks, but ultimately returned to full-time work with no restrictions.

Following a hearing, Deputy Commissioner Morgan S. Chapman denied plaintiff's claim for workers' compensation benefits. Upon plaintiff's appeal, the full Commission affirmed and found in pertinent part that:

14. Prior to his heart attack on 20 March 1997, plaintiff had preexisting coronary artery disease with plaque formation inside the arteries. The emotionally charged confrontation with Mr. Young on 20 March 1997 could have caused the plaque to fracture, causing a blood clot which occluded the artery and thereby causing plaintiff's heart attack. Plaintiff's heart attack also could have occurred at any time and from any event, such as simply smoking a cigarette.

15. On the afternoon of 20 March 1997, plaintiff wanted to retrieve the car keys for Mr. D[r]ummond, but he was equally motivated by his desire to retrieve the patrol book and keys for defendant-employer. Plaintiff went home on company business. The particular scenario involving Mr. Young and the keys was somewhat unusual; however, the level of exertion involved in the

confrontation with Mr. Young was not unusual or extraordinary. Plaintiff was simply angry.

16. Plaintiff's [heart attack] on 20 March 1997 was due to heart disease. The confrontation with Mr. Young was the event that precipitated plaintiff's heart attack, but the confrontation itself did not involve any unusual or extraordinary exertion.

The Commission then made the following conclusions of law:

1. Plaintiff's heart attack on 20 March 1997 was not caused by unusual or extraordinary exertion; therefore, it did not result from an injury by accident arising out of and in the course of his employment with defendant-employer. []

2. Plaintiff is not entitled to benefits under the Act for his heart attack. []

Plaintiff argues on appeal that the Commission erred in denying him benefits because there was evidence that he suffered an "unusual event" leading to his heart attack. Plaintiff also contends that the Commission erred in finding no unusual or extraordinary exertion on his part, and finding that he "was simply angry." We find no error.

In reviewing an appeal from a decision by the Industrial Commission, "this Court is limited to determining: (1) whether competent evidence exists to support the Commission's findings, and (2) whether those findings justify its conclusions of law." *Jarvis v. Food Lion, Inc.*, 134 N.C. App. 363, 367, 517 S.E.2d 388, 391, *disc. review denied*, 351 N.C. 356, 541 S.E.2d 139 (1999); *see Wall v. North Hills Properties, Inc.*, 125 N.C. App. 357, 481 S.E.2d 303, *disc. review denied*, 346 N.C. 289, 487 S.E.2d 573 (1997). If there is any competent evidence to support the Commission's findings of fact, those findings are deemed conclusive on appeal even if there is evidence supporting contrary findings. *See id.*; *see also Wall*.

Under the Workers' Compensation Act, an injury must result from an "accident arising out of and in the course of the employment" to be compensable. N.C. Gen. Stat. § 97-2(6) (1999); *see Wall*, 125 N.C. App. at 361, 481 S.E.2d at 306. The claimant bears the burden of proving these elements. *See Pickrell v. Motor Convoy, Inc.*, 322 N.C. 363, 366, 368 S.E.2d 582, 584 (1988). As to workers' compensation benefits for injuries sustained due to a heart attack, this Court has held:

When an employee is conducting his work in the usual way and suffers a heart attack, the injury does not arise by accident and is not compensable. However, an injury caused by a heart attack may be compensable if the heart attack is due to an accident, such as when the heart attack is due to *unusual or extraordinary exertion* . . . or extreme conditions.

*Wall*, 125 N.C. App. at 361, 481 S.E.2d at 306 (internal citations omitted). *See also Dillingham v. Yeargin Construction Co.*, 320 N.C. 499, 502-03, 358 S.E.2d 380, 382 (1987) ("injuries caused by a heart attack must be precipitated by unusual or extraordinary exertion in order to be compensable"); *Lewter v. Enterprises, Inc.*, 240 N.C. 399, 82 S.E.2d 410 (1954) (ordinarily a heart attack does not result from an injury by accident arising out of or in the course of employment unless it results from unusual or extraordinary exertion incident to the employment).

In *Cody v. Snider Lumber Co.*, 328 N.C. 67, 399 S.E.2d 104 (1991), our Supreme Court considered a scenario similar to the case at bar. There, the plaintiff-decedent's estate appealed from the Industrial Commission's denial of workers' compensation benefits following the decedent's death by heart attack while working as a truck driver for the defendant lumber company. The decedent had hauled a load of material to a paper mill in a tractor-trailer truck. When he attempted to remove the tarp covering the trailer, the tarp became caught on something, and the decedent had to jerk the tarp several times to free it. Another truck driver observed that this series of events appeared to frustrate the decedent. The decedent then had difficulty backing the truck up a ramp to a hydraulic lift, which also appeared to aggravate the decedent. Shortly thereafter, the decedent, who had a pre-existing heart condition, suffered a fatal heart attack.

The Industrial Commission found that the incident with the tarp getting hung was the only occurrence that could be found to have been out of the ordinary. However, the Commission found that this occurrence was not the precipitating cause of the decedent's heart attack, which occurred 15 to 20 minutes later. Instead, the Commission found that it was the decedent's emotional response to the situation, in becoming aggravated and frustrated, that was the precipitating cause of his heart attack. The Commission denied the decedent's claim, finding that "[f]rustration . . . is a common reaction to many things," and that this emotional response did not constitute an injury by accident arising out of and in the course of the decedent's employment. 328 N.C. at 69, 399 S.E.2d at 105.

This Court reversed, *see Cody v. Snider Lumber Co.*, 96 N.C. App. 293, 385 S.E.2d 515 (1989), having determined that the fatal heart attack resulted from an injury by accident and was therefore compensable. Upon review, our Supreme Court reversed this Court's decision, stating:

> We need not decide here whether the type of "extraordinary exertion" which makes a resulting heart attack compensable includes extraordinary emotional exertion. Based upon substantial and competent evidence, the Commission found in the present case that the only event which could be deemed unexpected and extraordinary and, thus, an accident was the sticking of the tarp. The Commission also found, however, that the sticking of the tarp was not a precipitating factor in the decedent's death.

*Cody*, 328 N.C. at 72, 399 S.E.2d at 107. Accordingly, our Supreme Court held that the Commission had properly denied the decedent's claim, as his "heart attack was not the result of an accident arising out of and in the course of the decedent's employment[.]" *Id. See Bason v. Kraft Food Serv., Inc.*, 140 N.C. App. 124, 535 S.E.2d 606 (2000) (affirming Commission's denial of workers' compensation claim for death benefits arising from employee-decedent's death from cardiac arrhythmia, where Commission found nothing unusually strenuous about decedent's activities prior to his death). *See also Dye v. Shippers Freight Lines*, 118 N.C. App. 280, 454 S.E.2d 845 (1995) (affirming Commission's denial of benefits where Commission found plaintiff's heart attack was due to his pre-existing coronary artery disease, and that plaintiff experienced no unusual stresses that contributed to his heart attack); *Bingham v. Smith's Transfer Corp.*, 55 N.C. App. 538, 286 S.E.2d 570 (1982) (denying claim for death benefits where decedent suffered from a heart condition and evidence showed no overexertion or unusual stress precipitating his heart failure).

In the instant case, the Commission found that plaintiff's heart attack was not the result of unusual or extraordinary exertion, but rather was due to plaintiff's heart disease. The Commission found that plaintiff was angry and that his confrontation with Mr. Young precipitated the heart attack, but found that this confrontation "did not involve any unusual or extraordinary exertion." As in *Cody*, the Commission in the instant case concluded based thereon that plaintiff's heart attack did not constitute "an injury by accident arising out of and in the course of [plaintiff's] employment with defendant-employer[.]"

Having carefully reviewed the record, we hold that the Commission's conclusions are supported by its findings of fact, and those findings are supported by competent evidence in the record, despite the presence of conflicting evidence. *See Jarvis*, 134 N.C. App. 363, 517 S.E.2d 388; *Wall*, 125 N.C. App. 357, 481 S.E.2d 303. Indeed, the record shows that plaintiff testified before Deputy Commissioner Chapman that his family had a long history of heart disease, and that he personally had repeatedly suffered heart trouble prior to the heart attack on 20 March 1997. Additionally, plaintiff's physician, Dr. Jack W. Noneman, Jr., provided deposition testimony that plaintiff's condition rendered him likely to suffer further heart trouble at some point in his life. Dr. Noneman testified further that plaintiff could have spontaneously suffered a heart attack at any time, even in the absence of some triggering event. Moreover, there was evidence that plaintiff was angry when he confronted his nephew on the date of his heart attack. Because there is competent evidence in the record supporting the Commission's findings of fact, and those findings in turn support its conclusions of law, we uphold the decision of the full Commission.

Affirmed.

Judges HUNTER and TYSON concur.