***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes and enters the following Opinion and Award:
 *********** EVIDENTIARY MATTERS
At the hearing before Deputy Commissioner Holmes on October 21, 2010, defendants' Exhibits 1 and 2 were entered into evidence over plaintiff's objections. In plaintiff's March 31, 2011 Brief to the Full Commission, plaintiff renewed her objection to the introduction of defendants' Exhibits 1 and 2 into the record. Plaintiff's renewed objection to defendants' Exhibits *Page 2 
1 and 2 is OVERRULED and defendants' Exhibits 1 and 2 shall remain part of the record evidence.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are subject to the North Carolina Workers' Compensation Act.
2. An employment relationship exists between plaintiff-employee Shirley Joan Cox ("employee") and defendant-employer Alltel Communications, Inc. ("employer").
3. Employer is insured by AIG Insurance Company, and the third party administrator is Sedgwick Claims Management Services, Inc.
4. Employee's average weekly wage is $781.86, yielding a compensation rate of $521.66.
5. Employee alleges the date of the accident was January 27, 2010. Defendants deny the same.
6. Employee has been out of work from the date of the alleged accident and has not returned to date.
7. No temporary total disability payments have been made.
8. Employer has not paid medical providers on behalf of employee.
9. Employee's date of birth is September 30, 1965.
 ***********
As set forth in the Pre-Trial Agreement and Deputy Commissioner Holmes' January 21, 2011 Opinion and Award, the Full Commission addresses the following: *Page 3 
 ISSUE
1. Has plaintiff established a compensable stress claim arising out of and in the course of her employment with defendant-employer?
 **********
Based upon the preponderance of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 45 years of age.
2. Plaintiff has a high school diploma and attended approximately one and a half years of community college.
3. Plaintiff is currently unemployed and receives unemployment benefits amounting to $303.00 per week. Said unemployment benefits began on July 8, 2010.
4. Plaintiff was laid off from defendant-employer on June 21, 2010. She had worked as a senior account clerk for four and one half years for Alltel in Matthews, North Carolina. Plaintiff had worked for Alltel for seven and one half years total. She began her employment with Alltel in the financial service department.
5. In her position as a senior account clerk, plaintiff processed adjustments, dealt with customer complaints concerning billing issues, and analyzed those bills.
6. Plaintiff would handle approximately 110 traditional adjustments per day and approximately 65 rerates per day.
7. Plaintiff had routine "one-on-one" meetings that occurred every month with her manager, Kim Kruckenburg. During these meetings, plaintiff and Ms. Kruckenburg would *Page 4 
discuss plaintiff's work performance. These "one-on-one" meetings consistently discussed errors and mistakes that were made in the performance of plaintiff's job.
8. Plaintiff's personnel file reflected performance scores that indicated "developmental opportunity." Plaintiff agreed that this term meant her work left room for improvement.
9. During plaintiff's December 2009 "one-on-one" meeting with Ms. Kruckenburg, plaintiff admitted that they discussed errors made in her work and duplicates that she had processed. Ms. Kruckenburg instructed plaintiff to be careful in the future and to watch her work.
10. On January 27, 2010, plaintiff's supervisor requested that plaintiff join her in a conference room for a one-on-one meeting. Plaintiff and her supervisor discussed duplicates and return notes similar to their prior one on one meeting of December of 2009. Plaintiff and her supervisor also discussed disciplinary issues regarding plaintiff's job performance.
11. Plaintiff became very upset during this meeting. She had not received a formal write up for disciplinary reasons before. Plaintiff inquired how she could get the write up off her work record.
12. Plaintiff and Ms. Kruckenburg discussed potential options for plaintiff's continued employment. Plaintiff admitted that Ms. Kruckenburg tried to calm her down during their meeting.
13. Among the options discussed with plaintiff and her supervisor were additional training in order to avoid the mistakes that were documented in the formal write up, a possible severance package for plaintiff if she chose to leave employment, and a voluntary layoff.
14. Ms. Kruckenburg advised plaintiff to think over her options and that they could *Page 5 
discuss them the following day. Plaintiff drove herself home from work.
15. Plaintiff arrived at work the next day and was unable to perform her job because she "lost it again."
16. Ms. Kruckenburg took plaintiff into a conference room in an effort to calm her down. Plaintiff could not be calmed down and was taken to her family physician, Dr. Velasco, by two coworkers.
17. Plaintiff initially denied she had received any email communications from Ms. Kruckenburg concerning her job performance. However, upon presentation of copies of the emails from December of 2009 through January of 2010, plaintiff admitted that there was communication between her and Ms. Kruckenburg that pointed out numerous instances of problems with plaintiff's job performance.
18. Tabitha McCracken testified on behalf of plaintiff. Ms. McCracken was an Alltel employee from August of 2009 until July of 2010.
19. Ms. McCracken testified to occasional meetings, other than the scheduled "one on ones", to discuss job performance.
20. Ms. McCracken also admitted that there were unannounced meetings between supervisors and employees from time to time.
21. Kim Kruckenburg testified on behalf of defendant-employer. Ms. Kruckenburg was plaintiff's supervisor at Alltel on January 27, 2010.
22. In discussing the meeting of January 27, 2010, Ms. Kruckenburg testified that she contacted human resources before sitting down with plaintiff. The purpose of the meeting was to discuss the fact that processes and policies were not being followed by plaintiff.
23. Ms. Kruckenburg sat down with plaintiff in a conference room to discuss these *Page 6 
issues outside the presence of other coworkers. There were no other individuals in the room at the time of the meeting, and plaintiff was free to leave at any time.
24. In addition to discussing plaintiff's mistakes, plaintiff also discussed the possibility of a voluntary layoff. Plaintiff inquired as to whether she could be laid off as she had better financial resources than some of her coworkers. With respect to the length of the meeting, Ms. Kruckenburg testified that the meeting lasted nearly two hours because plaintiff had a number of questions regarding the disciplinary write up and its removal from her work file. In an effort to work with plaintiff to reach a resolution, Ms. Kruckenburg felt that it was important to stay and answer plaintiff's questions.
25. Plaintiff did not ask to leave the meeting at any point.
26. Based on the above, the Full Commission finds that the meeting between Ms. Kruckenburg and plaintiff was not an unusual occurrence and did not constitute an interruption of plaintiff's work routine.
27. The Full Commission further finds that plaintiff has not pursued a claim for post-traumatic stress disorder as an occupational disease.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the Workers' Compensation Act ("the Act"), a mental or psychological illness may be a compensable injury if it has occurred as a result of an "accident" arising out of and in the course of the claimant's employment. Jordan v. Central Piedmont CommunityCollege, 124 N.C. App. 112, 118-19, 476 S.E.2d 410, 414 (1996). *Page 7 
2. The claimant bears the burden of proving the existence of an accident. Pitillo v. N.C. Dep't of Envtl. Health NaturalRes., 151 N.C. App. 641, 566 S.E.2d 807 (2002).
3. An injury does not arise by accident "[i]f an employee is injured while carrying on his usual tasks in the usual way [.]"Gunter v. Dayco Corp.,317 N.C. 670, 673, 346 S.E.2d 395, 397 (1986).
4. To be an accident, the incident must have been for the employee an "unlooked for and untoward event." Cody v. Snider LumberCo., 328 N.C. 67, 70, 399 S.E.2d 104, 106 (1991); see alsoPitillo, 151 N.C. App. at 645, 566 S.E.2d at 811 (stating that an accident involves "`an unlooked for and untoward event which is not expected or designed by the person who suffers the injury'" involving "`the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences.'").
5. The Full Commission concludes that plaintiff has failed to establish that the discussion of job performance and work-related issues with her supervisor on January 27, 2010, was an unusual or unforeseen event sufficient to constitute an injury by accident under the North Carolina Workers Compensation Act. Seegenerally: Knight v. Abbott Labs.,160 N.C. App. 542, 586 S.E.2d 544 (2003); Pitillo v. N.C. Dep't ofEnvtl. Health Natural Res.,151 N.C. App. 641, 566 S.E.2d 807 (2002); Woody v. ThomasvilleUpholstery, Inc., 146 N.C. App. 187, 552 S.E.2d 202 (2001).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Under the law, plaintiff's claim must be, and is hereby, DENIED. *Page 8 
2. Each side shall bear its own costs.
This the 31st day of October, 2011.
 S/__________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/__________________ STACI T. MEYER COMMISSIONER
 S/__________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1